# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**HOWARD BAIRD**                                                                **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 1:19CV-P12-GNS**

**DEREK CURTIS** *et al.*                                               **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Howard Baird's motion to appoint counsel (DN 4). In support of the motion, Plaintiff states that he is indigent.

Appointment of counsel is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[1] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. This matter is still at the initial review stage. A review of the complaint

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

reveals that Plaintiff is sufficiently articulate and able to present his case to the Court. Moreover, his indigency is not atypical from any other *pro se* prisoner litigating a case. "[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts." *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 U.S. Dist. LEXIS 8641, at *4 (W.D. Mich. Feb. 22, 2006). Indeed, "[t]hese are ordinary and routine impediments incident to prisoner litigation." *Id*. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 4) is **DENIED**.

Moreover, Plaintiff attaches two pages to the motion in which he indicates that has requested photocopies of documents filed in this action. To the extent that Plaintiff is requesting this Court to provide him copies of documents without cost, the Court does not provide photocopies of filings free of charge. Plaintiff may make handwritten copies of documents for his records.

Date: March 5, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.010