UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

HOWARD BAIRD                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:19CV-P12-GNS

ISRAEL BERGENSON *et al.*                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Howard Baird filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The amended complaint (DN 16) is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.[1] For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

### I.

Plaintiff sues the following four employees of the Hart County Detention Center (HCDC): Israel Bergenson, the HCDC Jailer; Robbie Rucker, a captain; Angela Ballard, a Class D coordinator; and Faith Page, a deputy jailer. Plaintiff states that on August 21, 2017, he was sentenced in state court to three years' incarceration for trafficking and cultivating marijuana. He states, "I began serving this sentence in protective custody, on the 'county' side of [HCDC] where I had already spent exactly two-years pending state child pornography charges." He reports that on September 15, 2017, he was presented with a copy of a detainer against an unsentenced prisoner. He asserts that the detainer was lodged against him by Homeland Security Investigations and was based on federal child pornography charges.[2]

---

[1] By prior Order (DN 15), the Court granted Plaintiff's motion to amend and, in so doing, found that the amended complaint superseded the original complaint.
[2] The child pornography charges were pending in this Court, *see* Criminal Action No. 1:17CR-30-GNS. Plaintiff has now been convicted in that case.

Plaintiff maintains that on March 21, 2018, he "began making demands of state prison officials for a speedy disposition of the federal indictment and to effectuate my transfer to federal custody via the Interstate Agreement on Detainers ('IAD') . . . . These demands continued through May 31, 2018." He states that his claims arise out of "events relating to the detainer – between Sept. 15, 2017 and May 31, 2018."

As "Claim 1," Plaintiff states, "Violation of provisions and underlying policy of the [IAD]" and indicates that he asserts this claim against Defendant Bergenson in his individual capacity. He states that between March 30, 2018, and June 1, 2018,[3] Defendant Bergenson "had been informed, numerous times, of my desparate pleas for help in requesting a speedy disposition of the federal detainer via IAD." He states that Defendant Bergenson "had an obligation to actively pursue my request for a speedy resolution of pending federal charges via IAD but instead, shirked that responsibility by claiming 'it's my attorney's job to do it.'"

As "Claim 2," Plaintiff states, "14th Amendment-Due Process-Denial of Access to Courts" and indicates that he asserts the claim against Defendant Bergenson in his individual capacity. He states that he "pleaded to Israel Brown[4] for help, advice, legal aide or counsel, information regarding the jurisdiction of the federal court, and the name and address of the federal prosecutor. I also indicated that I was indigent, not represented by counsel, and I had no family or friends able to assist me."

For "Claim 3," Plaintiff states that he is "uncertain how to properly label this claim" and "am undecided between the following three choices: a) violation of the provisions and

---

[3] In the amended complaint, Plaintiff refers to the dates as March 30, 2017, to June 1, 2017. However, it is clear from the entirety of the amended complaint that Plaintiff is actually referring to 2018.
[4] It appears that Israel Brown and Defendant Israel Bergenson are the same person. In addition, Plaintiff spelled this Defendant's last name as "Bergensen" in the original complaint and spells it as "Bergenson" in the amended complaint. For ease of reference, the Court refers to him as Bergenson herein.

underlying policy of the IAD-failure-train; b) Fourteenth Amendment-Due Process Failure-to-Train; or c) Fourteenth Amendment substantive due process violation for failure-to-train." He states that he is asserting the claim against Defendant Bergenson in his official capacity. He states that between March 30 and May 23, 2018, he had discussed the IAD procedures and forms with Defendants Ballard, Bergenson, and Rucker and a non-Defendant and that they "admitted to being unfamiliar with the polices and procedures of the IAD." He asserts that it is "obvious" that HCDC staff "have never been trained in procedures regarding detainers, the harms and consequences caused by detainers, and a prisoner['s] right to a speedy resolution of the charges associated with a detainer."

As "Claim 4," Plaintiff states, "Gross Negligence – violation of my First and/or Fourteenth Amendment right to petition the Government for redress of my grievance/to seek redress for violations of my constitutional rights." He states that he is asserting this claim against Defendant Rucker in his individual capacity. Plaintiff asserts that on April 28, 2018, he "filed an electronic grievance claiming a violation of my rights. Captain Rucker replied to the grievance 'will see what I can do.' This was the only reply to my grievance." He states that he asked Defendant Rucker about his grievance three weeks later and showed him his forms and that Defendant Rucker "made a feeble attempt to comprehend and said he would follow up, which he never did." Plaintiff states that he believes that Defendant Rucker never followed up on the grievance.

For "Claim 5," Plaintiff states, "14th Amendment, Due Process – violation of the provisions and underlying policies of IAD KRS 440.450." He states that he is bringing this claim against Defendant Page in her individual and official capacities. He states that on September 15, 2017, Defendant Page presented him with a detainer against an unsentenced

3

prisoner which she had signed. He maintains that the detainer stated, "'If the subject is sentenced while this detainer is in effect, please notify this office at once.'" He states that he was already a sentenced prisoner at that point and that Defendant Page "failed to verify my inmate status and, as a result, federal authorities remained unaware of my status as a sentenced state prisoner for 6 ½ months and never sent the proper detainer for a 'sentenced' state prisoner which contained a wealth of information regarding my rights." He further states, "When I was presented the detainer – I wasn't briefed, informed, advised, nor made aware of all the negative impacts an undisposed detainer may cause."

For "Claim 6," Plaintiff states, "Fourteenth Amendment Due Process, Gross Negligence, Fourteenth Amendment – Access to Courts." He asserts the claim against Defendant Ballard in her official and individual capacities. He states, "Angela Ballard failed to present me with my Custody Initial Classification ('CIC') until more than 8-months after my classification date, therefore, I was denied an opportunity to appeal my CIC to Frankfort, Ky. within 5-business dates (which I would have done)." He continues, "Eight months after my classification date, after reading my CIC, I discovered it was recommended that I take three specific programs." He states that Defendant Ballard never informed him about the recommendation or whether the programs were available at HCDC. He states, "I should have been informed of the nature, requirements, and procedures to enroll in such programs at another facility if necessary." Plaintiff asserts that in July 2018 after viewing his CIC he sent Defendant Ballard an electronic request asking her numerous questions about this CIC and that her electronic reply was "vague and evasive." He also states that in May 2018 he sent Defendant Ballard an electronic request "pleading for help regarding the appointment of counsel" related to his pending federal charges and that she never replied.

Under the heading "Damages," Plaintiff states, "Unduly prolonged the emotional stresses associated with the many uncertainties I had about looming federal charges and unnecessarily prolonged the adjudication of the indictment." He also states, "Greatly magnified the consequences, conditions, and length of my state sentence." He further asserts, "I was deprived of my ability to invoke my statutory rights under the IAD at an earlier juncture. The Public Defender would have had the opportunity to begin its investigation nearly a year earlier if I would have been brought into federal court shortly after the indictment was returned." He states, "The denial of legal advice or access to a legal aide prevented me from learning about the implications of the federal indictment or obtaining evidence concerning getting credited for my first two-years incarceration-which is now considered 'lost time.'" Finally, Plaintiff states that he was prevented "from executing my rights and protections under the Interstate Agreement on Detainers Act-KRS 440.450."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

### *IAD*

The Court construes Plaintiff's allegations as § 1983 claims for violation of the IAD against Defendants Bergenson and Page in their individual and official capacities and for failure to train on the procedures under the IAD against Defendant Bergenson in his official capacity. **Upon review, the Court will allow these claims to proceed beyond initial screening.**

### *Denial of access to the courts*

Plaintiff also alleges a claim for denial of access to the courts against Defendant Bergenson in his individual capacity. **Upon review, the Court will also allow this claim to proceed.**

### *Grievance handling*

Plaintiff asserts a claim against Defendant Rucker based on his alleged inadequate response to Plaintiff's grievance. However, prisoners do not possess a constitutional right to a

6

prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claim against Defendant Rucker concerning the handling of his grievance will be dismissed for failure to state a claim upon which relief may be granted.

### *Denial of classification/rehabilitative programs*

Plaintiff also brings a claim against Defendant Ballard based on her alleged failure to present him with his CIC, which prevented him from appealing his classification determination

7

and enrolling in three programs recommended in the CIC. However, prisoners have no constitutional right to a particular classification or to be eligible for certain rehabilitation programs under the Fourteenth Amendment. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for rehabilitation programs are not subject to constitutional protections); *Carter v. Corr. Corp. of Am.*, No. 98-6336, 1999 U.S. App. LEXIS 13619, at *4 (6th Cir. June 15, 1999) ("[P]risoners have no constitutionally cognizable right to rehabilitative programs.") (citations omitted); *Griffin v. Kallen*, 791 F.2d 933 (6th Cir. 1986) (per curiam) (unpublished table decision) ("[P]risoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs."). Therefore, Plaintiff cannot state a constitutional claim based on being denied a certain classification or rehabilitative program.

Accordingly, Plaintiff's claim against Defendant Ballard must be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Rucker and Ballard are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against Defendants Rucker and Ballard, the Clerk of Court is **DIRECTED to terminate them** as parties to this action.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed. In allowing claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

Date: January 29, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants Bergenson, Rucker, Ballard, and Page
    Hart County Attorney
4416.010