UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00012-GNS

HOWARD BAIRD                                                                                     PLAINTIFF

v.

ISRAEL BERGENSEN, et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (DN 35), Plaintiff's Partial Motion to Dismiss (DN 41), and Plaintiff's Motion for Summary Judgment (DN 44). The motions are ripe for adjudication. For the following reasons, Defendants' motion is **GRANTED**, and Plaintiff's motions are **DENIED AS MOOT**.

### I.      STATEMENT OF FACTS

On August 21, 2017, Plaintiff Howard Baird ("Plaintiff") was sentenced in Kentucky state court to three years imprisonment for trafficking and cultivating marijuana, and was housed in Hart County Detention Center ("HCDC"). (Am. Compl. 4, DN 16). During the investigation into Plaintiff's drug crimes, state authorities discovered evidence of child pornography and brought further charges against him. (Compl. 5, DN 1). After Plaintiff's conviction on the state drug charges, the Commonwealth of Kentucky dropped the pornography charges and the federal government in turn indicted him on September 13, 2017. (Am. Compl. 4).

On September 15, 2017, a federal detainer[1] was lodged against Plaintiff for his federal indictment. (Defs.' Reply Mot. Summ. J. Ex. A, at 1, DN 40-1). Plaintiff alleges that while serving

---

[1] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the

his state conviction Defendant Fay Page ("Page") presented this detainer to him at the HCDC. (Am. Compl. 8). The detainer form was for "unsentenced" prisoners and, as such, did not include a notice regarding a "sentenced" prisoner's right to demand a speedy disposition of his federal indictment and transfer to federal custody. (Compl. Attachs., at 1, DN 1-1). The detainer given to Plaintiff stated:

> The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer because the subject is not currently serving a sentence of imprisonment at the time the Detainer is lodged. IF THE SUBJECT IS SENTENCED WHILE THIS DETAINER IS IN EFFECT, PLEASE NOTIFY THIS OFFICE AT ONCE.

(Compl. Attachs., at 1). As Plaintiff had already been sentenced in state court, he should have received a detainer for a "sentenced" prisoner and been advised of his rights under the Speedy Trial Act and Interstate Agreement on Detainers Act ("IAD"). (Defs.' Reply Mot. Summ. J. 1-2, DN 40). Plaintiff claims he eventually noticed this error on the form roughly four months later. (Compl. 6). Plaintiff then made repeated demands from March 21, 2018, to May 21, 2018, upon Page and Defendant Jailer Israel Bergensen ("Bergensen") for a final disposition on his federal indictment. (Am. Compl. 4).

On June 28, 2018, this Court received a letter from Plaintiff and ordered the letter be filed as a motion for speedy trial and motion to appoint counsel for his federal criminal charges. (Order of Dismissal, *United States v. Baird*, No. 1:17-CR-00030-GNS-1 (W.D. Ky. July 3, 2018), DN 7; Def.'s Mot. Appoint Counsel & Speedy Trial, *United States v. Baird*, No. 1:17-CR-00030-GNS-1 (W.D. Ky. July 3, 2018), DN 8). Plaintiff sought to dismiss the federal charges for violations of his Sixth Amendment right to a speedy trial, but subsequently pleaded guilty. (Def.'s Mot.

---

agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985) (citations omitted).

Dismiss, *United States v. Baird*, No. 1:17-CR-00030-GNS-1 (W.D. Ky. Apr. 17, 2019), DN 31; Plea Agreement, *United States v. Baird*, No. 1:17-CR-00030-GNS-1 (W.D. Ky. June 25, 2019), DN 46).

On February 1, 2019, Plaintiff filed this action *pro se* asserting claims under 42 U.S.C. § 1983 for violations of his constitutional and federal rights against numerous state and federal officials. Following the filing of the Amended Complaint, the Court conducted an initial screening to permit the following claims to proceed: (1) the claim for violating the IAD against Bergensen and Page in their individual and official capacities; (2) the claim for failure to train on the procedures under the IAD against Bergensen in his official capacity; and (3) the claim for denial of access to courts against Bergensen.[2] (Mem. Op. & Order 6-8, DN 19).

## II. JURISDICTION

This Court has jurisdiction over Plaintiff's claims as the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. DISCUSSION

### A. Defendants' Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A reviewing court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009).

---

[2] Plaintiff has voluntarily moved to dismiss the access to court claim. (Pl.'s Partial Mot. Dismiss 1, DN 41).

Plaintiff's two claims allege violations of the IAD, which is an interstate compact that "encourages the expeditious disposition of outstanding charges by providing the prisoner with a method of clearing detainers and charges outstanding against him." *United States v. Dixon*, 592 F.2d 329, 333 (6th Cir. 1979). Kentucky has codified this compact in KRS 440.450. The provisions apply when "a participating jurisdiction, having untried charges pending against a prisoner, first lodges a detainer with the participating jurisdiction where the prisoner is incarcerated." *Dixon*, 592 F.2d at 333 (citation omitted).

> The central provisions of the Agreement are Article III and Article IV. Article III sets forth the procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer. If a prisoner demands a speedy trial pursuant to the guidelines of Article III, the jurisdiction which filed the detainer is required to bring him to trial within the Article III(a) time limit. Failure to comply will result in a dismissal of the outstanding charges, with prejudice.

*Id.* at 334 (citations omitted). "The . . . official having custody of the prisoner shall promptly inform him . . . of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based." KRS 440.450. State prisoners may bring a Section 1983 claim based on alleged violations of the IAD, as codified in state law. *See Cuyler v. Adams*, 449 U.S. 433, 442, 450 (1981).

In their motion, Defendants contend that the Section 1983 claims are barred by the applicable statute of limitations. (Defs.' Mot. Summ. J. 2). Suits brought under Section 1983 are governed by the statute of limitations period for personal injury cases in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Neither party disputes that Kentucky law governs, and Kentucky has a one-year statute of limitations for personal injury actions. Therefore, Plaintiff's Section 1983 claims are subject to a one-year statute of limitations. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Under the mailbox rule, a prisoner's

action is deemed filed on the date it was presented to prison officials for mailing, which in this instance was January 28, 2019. (Compl. 35); *Bowlds v. Dortch*, No. 4:10-CV-P61-M, 2010 WL 2203258, at *2 (W.D. Ky. May 26, 2010) (citation omitted). Thus, Plaintiff's Section 1983 claim is not viable to the extent his claims accrued before January 28, 2018.

The "accrual date of a § 1983 cause of action is a question of federal law . . . ." *Wallace*, 549 U.S. at 388. Under federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* The court must look to "what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (citation omitted).

The record in this case establishes that Plaintiff's claims for violation of his rights under the IAD accrued before January 28, 2018, and are therefore time-barred as a matter of law. Plaintiff alleges that he was given a copy of the one-page detainer on September 15, 2017, while serving a three-year sentence for his state marijuana trafficking charge. DN 16 at 4. He also points out that that the detainer form was directed to "unsentenced" prisoners –a fact readily conceded by Defendants. (Defs.' Reply Mot. Summ. J. 2). Plaintiff now asserts that he did not realize the significance of the error in the detainer form until as late as February 2018. (Pl.'s Resp. Defs.' Mot. Summ. J. 5-6). This position is untenable.

First, it matters not when Plaintiff subjectively understood that he had a claim against the Defendants. As a sister court has noted:

> [T]he accrual of a cause of action for statute of limitations is not postponed by "a *pro se* litigant's . . . belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves

5

supporting a legal claim were undiscoverable in a timely fashion, despite due diligence."

*Chattams v. Rossi*, No. 1:12-CV-666, 2012 WL 4087226, at *6 (S.D. Ohio Sept. 17, 2012), *report and recommendation adopted*, 2012 WL 5497737 (S.D. Ohio Nov. 13, 2012) (citations omitted); *see also Abner v. Collins*, No. 1:06-CV-2178, 2009 WL 805173, at *6 n.7 (N.D. Ohio Mar. 27, 2009), *aff'd*, 376 F. App'x 582 (6th Cir. 2010) ("[T]he failure to immediately comprehend the [legal] implications of [an event] does not toll the statute of limitations." (citations omitted)). Plaintiff specifically acknowledges that the detainer was presented to him on September 15, 2017, and that the detainer stated: "IF THE SUBJECT IS SENTENCED WHILE THIS DETAINER IS IN EFFECT, PLEASE NOTIFY THIS OFFICE AT ONCE." (Am. Compl. 8). Baird, however, claims that he did not realize its legal significance until after reading it and researching the IAD. (Am. Compl. 4). Regardless of whether Plaintiff understood the legal impact of Page's or Bergensen's failure to comply with the detainer, he was on notice that the detainer form directed the HCDC to notify federal authorities that he was "sentenced." (Defs.' Reply Mot. Summ. J. Ex. A, at 1).

The same is true for Bergensen in particular, even if he only spoke with Plaintiff personally about the detainer in April 2018. Bergensen was the Jailer of the HCDC, and the detainer specifically directed the HCDC to notify the federal authorities. Even still, "a plaintiff need not be aware of every detail or person involved in causing his injury for the limitations period to commence." *Easterly v. Budd*, No. 4:06 CV 00186, 2006 WL 2404143, at *8 (N.D. Ohio Aug. 18, 2006) (citations omitted). Thus, Plaintiff's cause of action for violation of his IAD rights accrued when he received the wrong detainer form on September 15, 2017, which bars his present claims.

Plaintiff also pleaded specifically that on January 24, 2018, he "noticed some discrepancies . . . [w]hile scrutinizing the detainer", which would have begun the statute of limitations more than one year before his January 28, 2019, Complaint. (Compl. 6). Ultimately, the accrual of Plaintiff's cause of action cannot be postponed simply because he chose in January or February 2018 to read the detainer that was provided to him in September 2017, and only did research into a potential claim in February 2018. Had Plaintiff, through the exercise of reasonable diligence, read the detainer in September 2017, it would have adequately alerted him and the typical layperson to protect his rights.

### B. Plaintiff's Partial Motion to Dismiss/Plaintiff's Motion for Summary Judgment

As discussed above, Defendants are entitled to summary judgment on Plaintiff's claims. Accordingly, Plaintiff's motions will be denied as moot.

### IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion for Summary Judgment (DN 35) is **GRANTED**, and the Complaint (DN 1) and Amended Complaint (DN 16) are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Partial Motion to Dismiss (DN 41), and Plaintiff's Motion for Summary Judgment (DN 44) are **DENIED AS MOOT**.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 5, 2021

cc: counsel of record
Plaintiff, *pro se*

7